## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2016, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keon D. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2016<br><br>Court of Appeals Case No.<br>52A02-1511-CR-1975<br><br>Appeal from the Miami Circuit Court<br><br>The Honorable Timothy P. Spahr, Judge<br><br>Trial Court Cause No.<br>52C01-0503-FA-67 |

**Robb, Judge.**

# Case Summary and Issues

[1] Keon Jones appeals the revocation of his probation, raising two issues: (1) whether the trial court erred in admitting his drug screen results; and (2) whether the evidence is sufficient to prove he violated the conditions of his probation. Concluding any error in the admission of evidence was harmless and the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On May 23, 2008, Jones pleaded guilty to conspiracy to commit armed robbery, a Class B felony, and carrying a handgun without a license, a Class A misdemeanor. Pursuant to the terms of the plea agreement, the trial court ordered Jones pay restitution to the victim and serve an aggregate sentence of twenty years executed in the Department of Correction, with ten years suspended to probation and credit for time served. In November 2010, Jones was released from incarceration and placed on probation.

[3] On June 2, 2015, the probation department filed a Petition to Modify or Revoke Probation, alleging Jones violated the conditions of his probation by: (1) failing to report to his probation officer for scheduled appointments on May 13, 2015, and May 27, 2015; (2) using marijuana, as indicated by the positive results of drug screens administered on October 1, 2014, and May 4, 2015; and (3) failing to report for a drug screen on February 4, 2015. On August 25, 2015, the probation department filed an Amended Petition to Modify or Revoke

Probation, alleging two additional violations: (1) using methamphetamine, as indicated by the positive results of a drug screen administered on August 20, 2015; and (2) failing to pay restitution to the victim. On September 25, 2015, the probation department filed a Second Amended Petition to Modify or Revoke Probation, alleging three more violations: (1) failing to notify his probation officer of a change in his address at least twenty-four hours in advance; (2) failing to report for a drug screen on September 9, 2015; and (3) failing to call the random drug testing hotline from August 21, 2015, to September 23, 2015.

[4] The trial court conducted a hearing on the petitions on October 22, 2015. At the conclusion of the hearing, the trial court found the State proved the following violations by a preponderance of the evidence: (1) use of illegal substances, as indicated by the positive results of drug screens administered on October 1, 2014, and August 20, 2015; (2) failure to report for a drug screen on February 4, 2015; (3) failure to notify the probation department of an address change at least twenty-four hours in advance; and (4) failure to call the random drug testing hotline as ordered. The trial court terminated Jones's probation as unsuccessful, revoked six years of his previously suspended sentence, and ordered the six years be served in the Department of Correction. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Because probation hearings are civil in nature, the State must prove violations by a preponderance of the evidence. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014); *see also* Ind. Code § 35-38-2-3(f). When a probationer challenges the sufficiency of evidence, "we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated *any* condition of probation." *Murdock*, 10 N.E.3d at 1267 (emphasis added) (citation and internal quotation marks omitted).

## II. Revocation of Probation

[6] Jones contends because the trial court erred in admitting the results of his drug screens, the evidence is insufficient to support the revocation of his probation. Specifically, Jones argues the results should not have been admitted into evidence because they were not substantially trustworthy. *See Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007) (holding a probationer's due process right to confrontation is satisfied upon a finding by the trial court that hearsay evidence

is "substantially trustworthy"). We conclude any error in the admission of his drug screen results was harmless because the State proved Jones violated at least three other conditions of his probation. *See Pitman v. State*, 749 N.E.2d 557, 560-61 (Ind. Ct. App. 2001) (holding any error in the admission of a police report was harmless because the State proved the defendant violated another condition of her probation with evidence that was properly admitted), *trans. denied*. The State put forth substantial evidence showing Jones failed to report for a drug screen in accordance with the probation department's policies, failed to timely notify his probation officer of a change in his address, and failed to call the random drug testing hotline for over a month.

[7] One of Jones's probation officers testified Jones was marked as failing to report for a drug screen on February 4, 2015, because he had failed to pay for a prior drug screen or complete community service in lieu of payment when he reported that day:

> [W]hen somebody takes a drug screen . . . the costs is [sic] sixteen dollars. If they're unable to pay the sixteen dollars at the time of service, they are then given a voucher and they are given seven days to either pay twenty six dollars or perform five hours of community service in order to pay for the drug screen . . . . If the seven days comes and goes and they don't do that, then our policy is . . . if they're called in to screen again, and they show up to screen it goes down as a no show because they are still failing to pay . . . .

Transcript at 79. As for Jones's change of address, probation officer Lindsay Long testified she attempted to contact Jones in May 2015 when she received a

violation report but was unable to reach Jones because he had moved to a different county without proper notice to the probation department. Long also testified Jones was supposed to call the random drug testing hotline every day but failed to call for over a month:

> [T]here is a, a call log that we can click on . . . to see if they've called, when they've called . . . and it will give us . . . the phone number from where they've called . . . and there was zero indication beginning August 21st through when I actually filed the violation paperwork o[n] September 23rd, that [Jones] had ever called.

*Id.* at 53. Even without considering the drug screen results, we conclude the State proved Jones violated *several* conditions of his probation. *See Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015) ("One violation of a condition of probation is enough to support a probation revocation.").

# Conclusion

[8] Any error in the admission of Jones's drug screen results was harmless because the evidence shows Jones violated several other conditions of his probation. Accordingly, sufficient evidence supports the trial court's order revoking Jones's probation. The order is affirmed.

[9] Affirmed.

Najam, J., and Crone, J., concur.