## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2017, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd Barlow, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 5, 2017 <br><br> Court of Appeals Case No. <br> 03A04-1707-CR-1554 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause Nos. <br> 03C01-1703-F6-1388 <br> 03C01-1703-F6-1874 |

**Najam, Judge.**

# Statement of the Case

Todd Barlow appeals his sentence following his guilty plea to three Level 6 felonies and the trial court's revocation of the suspended portion of that sentence following Barlow's violation of the conditions of his probation.[1] Barlow raises two issues for our review, which we restate as the following three issues:

1.  Whether the trial court abused its discretion when it sentenced Barlow on the underlying convictions without finding Barlow's guilty plea to be a significant mitigating circumstance.

2.  Whether Barlow's sentence on his underlying convictions was inappropriate in light of the nature of the offenses and his character.

2.  Whether the trial court abused its discretion when it sentenced Barlow after it had revoked his probation.

We affirm.

# Facts and Procedural History

On April 28, 2017, Barlow pleaded guilty, pursuant to a written plea agreement, to theft and the unlawful possession of a syringe, each as a Level 6 felony, in

---

[1] Given the rapidity with which Barlow violated the conditions of his probation after the trial court had originally sentenced him on the three Level 6 felonies, Barlow's notice of appeal timely captures both judgments.

cause number 03C01-1703-F6-1388 ("F6-1388"). In that same agreement, Barlow pleaded guilty to possession of methamphetamine, as a Level 6 felony, in cause number 03C01-1703-F6-1874 ("F6-1874"). In exchange for his plea, the State dismissed an additional Level 6 felony allegation, a Class A misdemeanor allegation, and two Class B misdemeanor allegations. The plea agreement left sentencing to the discretion of the trial court. The court accepted Barlow's plea agreement.

[4] On June 8, the court held a sentencing hearing. At the conclusion of that hearing, the court ordered Barlow to serve two-and-one-half years on each of the three Level 6 felony offenses, with the two sentences in cause number F6-1388 to run concurrently with each other and the sentences in the two cause numbers to run consecutive to each other. The court then suspended the entirety of Barlow's remaining aggregate sentence to probation. Among other conditions of his probation, the court prohibited Barlow from using controlled substances and required him to submit to drug screens.

[5] Six days later, while released on probation, Barlow refused to submit to an oral drug screen. Accordingly, the State filed its notice of a probation violation in both cause numbers. And, at the ensuing hearing on June 19, Barlow admitted that he had refused to submit to the oral drug screen as alleged.

[6] On July 6, the court held a dispositional hearing on Barlow's probation violation. Following that hearing, the court ordered Barlow to serve the entirety of his previously suspended sentence. This appeal ensued.

## Discussion and Decision

### *Issue One: Whether the Trial Court Abused Its Discretion When It Imposed Barlow's Original Sentence*

Barlow first asserts on appeal that the trial court abused its discretion when it originally sentenced him. As our Supreme Court has stated:

> Sentencing is left to the discretion of the trial court, and abuse of that discretion arises by the court: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement in which the aggravating and mitigating factors are not supported by the record; (3) entering a sentencing statement that does not include reasons that are clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement in which the reasons provided in the statement are improper as a matter of law.

*Ackerman v. State*, 51 N.E.3d 171, 193 (Ind. 2016) (quotation marks omitted).

Barlow's only argument on this issue is that the trial court failed to take his guilty plea into account when it sentenced him.[2] It is well established that "a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Francis v. State*, 817 N.E.2d 235, 238 (Ind. 2004). However, it is just as well established that "the significance of a guilty plea as a mitigating factor varies from case to case," and "a guilty plea may not be

---

[2] Barlow also states that the trial court "should have . . . taken [his] remorse and requests for treatment as mitigating factors," but this statement appears in the context of why Barlow asserts that his guilty plea is significant. Appellant's Br. at 14-15. Insofar as Barlow intended his remorse and requests for treatment to be independent bases for appellate review of the sentence imposed, Barlow has not demonstrated that those requests were significant mitigating circumstances. *See Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007).

significantly mitigating when . . . the defendant receives a substantial benefit in return for the plea." *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007). Similarly, a guilty plea is not necessarily a mitigating factor "where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[9] We agree with the State that Barlow received a substantial benefit in exchange for his plea when the State agreed to dismiss four additional charges that were pending against him. Those four charges, cumulatively, could have resulted in an additional four-and-one-half years to his sentence, which would have nearly doubled the five-year aggregate term that the trial court imposed. We also agree with the State that its evidence against Barlow was strong—police officers discovered evidence underlying Barlow's convictions on his person, and a video recording system recorded him committing theft. Accordingly, we conclude that Barlow has not met his burden on appeal to show that his guilty plea was a significant mitigating circumstance, and we cannot say that the trial court abused its discretion when it did not identify it as such.

### Issue Two: Whether Barlow's Sentence is Inappropriate

[10] Barlow next contends that his five-year, suspended sentence is inappropriate in light of the nature of the offenses and his character. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the

sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[11] The sentencing range for a Level 6 felony is between six months and two-and-one-half years, with an advisory term of one year imprisonment. Ind. Code § 35-50-2-7(b) (2017). The trial court here ordered Barlow to serve two-and-one-half years for each of his three Level 6 offenses, but the court ordered two of the sentences to run concurrently, and the court then suspended the balance of Barlow's aggregate sentence.

[12] On appeal, Barlow asserts that the facts underlying his convictions "do not differ significantly from a 'typical' offense . . . ." Appellant's Br. at 16. He also asserts that his guilty plea shows his acceptance of responsibility and his remorse, which, in turn, evince his good character.

[13] We cannot say that Barlow's sentence is inappropriate. Barlow received no term of imprisonment aside from time served during the pendency of the proceedings. And Barlow has twenty prior convictions (as an adult) as well as numerous failed attempts at probation and similar placements. The trial court's

sentence of five years suspended is not inappropriate in light of the nature of the offenses and Barlow's character.

### Issue Three:  Imposition of Previously Suspended Sentence

[14]    Last, Barlow asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence.  As our Supreme Court has explained:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that:  "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed.  If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.").  A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence.  *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995); *see* Ind. Code § 35-38-2-3(f) (2012).  When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation."  *Braxton*, 651 N.E.2d at 270.

*Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014).

[15]    On appeal, Barlow asserts that, when it ordered him to serve the balance of his previously suspended sentence, the trial court failed to assign mitigating weight to the fact that Barlow had admitted to the alleged probation violations.

Barlow further asserts that his "efforts to rehabilitate himself while in Community Corrections" was entitled to "some mitigating weight." Appellant's Br. at 18.

[16] We reject Barlow's arguments. In essence, Barlow asks this court to reweigh the evidence that was before the trial court, which is contrary to our standard of review in appeals from civil probation revocation proceedings. *Murdock*, 10 N.E.3d at 1267. Moreover, we conclude that the trial court did not abuse its discretion when it revoked the entirety of Barlow's previously suspended sentence. Barlow was out on probation for just six days before he refused to submit to an oral drug screen. That fact, along with Barlow's history of probation violations in other causes, demonstrated that Barlow was unlikely to comply with the terms and conditions of his probation. We cannot say that the trial court abused its discretion on this issue.

### Conclusion

[17] In sum, we affirm Barlow's original sentence as well as the trial court's revocation of the previously suspended portion of that sentence.

[18] Affirmed.

Mathias, J., and Barnes, J., concur.