ATTORNEY FOR APPELLANT
Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

No. 48S02-1406-CR-415

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

DONALD MURDOCK,                              *Appellant (Defendant)*,

v.

STATE OF INDIANA,                            *Appellee (Plaintiff)*.

Appeal from the Madison Circuit Court, No. 48C06-1107-FC-1358
The Honorable Dennis Carroll, Judge

On Transfer from the Indiana Court of Appeals, No. 48A02-1306-CR-565

**June 27, 2014**

**Dickson, Chief Justice**.

Donald Murdock was found to have violated the terms of his probation when he committed a new offense: Resisting Law Enforcement, a Class A misdemeanor. His appeal argues that the evidence was insufficient to support the revocation of his probation. The Court of Appeals affirmed the revocation. Murdock v. State, 5 N.E.3d 792 (Ind. Ct. App. 2014). We grant transfer and likewise find the evidence sufficient to prove the elements of Resisting Law Enforcement—but we do so based on the reasoning used in our decision today in Gaddie v. State, No. 49S02-1312-CR-789, ___ N.E.3d ___ (Ind. 2014), where we found the evidence insufficient.

1

On May 9, 2013, the State filed a notice of probation violation, alleging in part that the defendant violated the terms of his probation by committing Resisting Law Enforcement as a Class A misdemeanor. The notice did not specify the subsection of the statute alleged to have been committed. An evidentiary hearing was held on June 10, 2013, during which Indianapolis Metropolitan Police Officer Vincent Stewart testified that he came into contact with the defendant at approximately 10:00 p.m. on April 3, 2013 in Marion County after another officer, Officer Richard Weaver, radioed that a white male wearing a white t-shirt was running from him. Officer Stewart did not know the nature of the contact between Officer Weaver and the defendant. Officer Stewart was in uniform and in a marked car. Officer Stewart testified that after Weaver's call, he and several other officers set up a perimeter in the apartment complex, which he described as ten to fifteen percent occupied and located in a high-crime area. He and the other officers began canvassing the area and checking vacant apartments. While in a vacant apartment, Stewart heard a noise and then saw the defendant—matching the physical description of the suspect—run out the back of the apartment. Officer Stewart gave chase, identifying himself as a police officer and ordering the defendant to stop, but the defendant continued running. After about fifteen to twenty feet, Stewart caught up with the defendant in a creek and tried to grab him. The defendant pushed Stewart away, causing injury and pain to Stewart's left knee. The defendant continued to resist, so Officer Stewart sprayed him with pepper spray and took him into custody.

The trial court found by a preponderance of evidence that the defendant violated the conditions of his probation by committing Resisting Law Enforcement as a class A misdemeanor by fleeing. The court ordered that the defendant serve three-and-one-half years of his previously suspended sentence. On appeal, the defendant claims that the evidence was insufficient to support the trial court's decision to revoke his probation.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that: "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded

2

to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.").  A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence.  Braxton v. State, 651 N.E.2d 268, 270 (Ind. 1995); *see* Ind. Code § 35-38-2-3(f) (2012).  When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation."  Braxton, 651 N.E.2d at 270.

In relevant part, the resisting statute provides: "A person who knowingly or intentionally . . . (3) flees from a law enforcement officer after the officer has, by visible or audible means . . . identified himself or herself and ordered the person to stop; commits resisting law enforcement, a Class A misdemeanor . . . ."  Ind. Code § 35-44.1-3-1(a)(3) (2013).[1]  In Gaddie, we held that this statute must be construed to require that a law enforcement officer's order to stop be based on reasonable suspicion or probable cause of criminal activity.  No. 49S02-1312-CR-789, slip op. at 8, ___ N.E.3d at ___.  The defendant does not dispute that he fled after Officer Stewart identified himself and ordered the defendant stop; rather, he contends that the State failed to prove that Officer Stewart had either a warrant for the defendant's arrest or the requisite reasonable suspicion of criminal activity.  We disagree.

The evidence most favorable to the trial court's judgment shows the police officer had the requisite reasonable suspicion that criminal activity was afoot.  The State presented the following evidence: A police officer responded to a report of a suspect running away from another officer at nighttime.  The officer then helped establish a perimeter around a largely unoccupied apartment complex in a high-crime area.  While inspecting a vacant apartment, the officer saw the defendant, who matched the description of the fleeing suspect, run out the back of the apartment.  When the officer caught up with the defendant, the defendant resisted arrest and caused injury to the officer.  In contrast, the police officer in Gaddie responded to a disturbance report.  When the officer arrived, a number of people were standing in the front area of a private

---

[1] This statute has been recodified.  It was previously listed under Indiana Code section 35-44-3-3(a)(3) (2011) and amended in ways immaterial to this opinion.

3

residence, but the defendant was walking away from the scene, towards the backyard, and continued walking away after the officer's order to stop. The officer in <u>Gaddie</u> testified that he had not seen the defendant or anyone else commit a crime prior to ordering the defendant to stop. While a refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure, "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." <u>Gaddie</u>, No. 49S02-1312-CR-789, slip op. at 7, ___ N.E.3d at ___ (quoting <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124, 120 S.Ct. 673, 676, 145 L.Ed.2d 570, 576 (2000)); *see* <u>State v. Atkins</u>, 834 N.E.2d 1028, 1033–34 (Ind. 2005) (holding that the investigatory stop lacked reasonable suspicion that criminal activity was afoot but adding that "[t]his case might have been different if [the defendant] had fled, engaged in furtive activity, and was uncooperative, or if [the officer] had a description of the suspect that was corroborated upon seeing [the defendant].").

In this case, the defendant ran when the officer appeared, engaged in furtive and evasive activity in a high-crime area, was uncooperative, and matched the description of the suspect. *Cf.* <u>Wardlow</u>, 528 U.S. at 124–25, 120 S.Ct. at 676, 145 L.Ed.2d at 576–77 (concluding that a suspect's unprovoked flight upon noticing the police in an area known to have a high incidence of drug trafficking supported a finding of reasonable suspicion). As a condition of probation, the defendant was, by statute, required not to commit any crimes. The evidence and its reasonable inferences clearly established that the defendant knowingly or intentionally fled from a law enforcement officer's order to stop that was based on reasonable suspicion of criminal activity and thus committed the offense of Resisting Law Enforcement. Substantial evidence of probative value supports the trial court's decision that the defendant violated the terms of his probation.

**Conclusion**

Accordingly, we now grant transfer and affirm the trial court's revocation of the defendant's probation.

Rucker, David, Massa, Rush, JJ., concur.

4