**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 23 2014, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| FREEMAN PEOPLES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1403-CR-214 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-9807-CF-167

**October 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Freeman Peoples appeals the judgment of the trial court revoking his probation and ordering him to serve a portion of his previously suspended sentence. Peoples argues that the trial court erred when it admitted hearsay testimony during the probation revocation hearing and that it did not have sufficient evidence to find that Peoples violated his probation without said testimony. Finding no error, we affirm.

FACTS

In 2000, Peoples was found guilty of three counts of class A felony Dealing in Cocaine. Peoples was sentenced to a total of forty years imprisonment with twenty-six years executed and fourteen years suspended, ten of which were suspended to probation. Peoples was released from prison in 2009 and began serving his probation term.

On November 27, 2012, Detective Clifford Cole of the Anderson Police Department was contacted by a confidential informant who claimed that Peoples was selling cocaine. Detective Cole met with the informant and conducted a controlled drug buy during which the informant purchased what was later identified as cocaine from Peoples. Detective Cole conducted two more controlled buys with the same informant and Peoples on December 5, 2012, and December 17, 2012. On each occasion the informant purchased a substance from Peoples that was later identified as cocaine by the Indiana State Police Laboratory.

On January 22, 2014, the State filed a notice of probation violation in the trial court alleging that Peoples had violated his probation by committing these alleged crimes. The trial court held an evidentiary hearing on February 25, 2014. At this

2

hearing, Detective Cole testified that he had received the reports from the Indiana State Police Laboratory and that these reports identified the substance sold by Peoples during the controlled buys as cocaine.

Following a second hearing held on March 18, 2014, the trial court found by a preponderance of the evidence that Peoples had violated his probation by dealing in cocaine. Accordingly, the trial court revoked Peoples's probation and ordered that he serve twelve years of his previously-suspended sentence in the Indiana Department of Correction and that he not be returned to probation. Peoples now appeals.

## DISCUSSION AND DECISION

Peoples first argues that the trial court violated his due process rights under the Fourteenth Amendment to the United States Constitution when it allowed Detective Cole to testify regarding the identity of the substance purchased from Peoples. Peoples claims that because the lab reports identifying the substance as cocaine were not admitted into evidence, Detective Cole's testimony regarding these lab reports was inadmissible hearsay.

We review the trial court's decision to admit or exclude evidence in a probation revocation hearing for an abuse of discretion. Figures v. State, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts before the trial court. Id.

Initially, we note that Peoples failed to object to the admission of Detective Cole's testimony at trial. Failure to object at trial waives an issue for appeal except in cases of

3

fundamental error. Knapp v. State, 9 N.E.3d 1274, 1281 (Ind. 2014). "Fundamental error is an error that makes a fair trial impossible" or constitutes a clearly blatant violation of basic principles of due process. Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009). The exception is extremely narrow and "reaches only errors that are so blatant that the trial judge should have taken action sua sponte." Knapp, 9 N.E.3d at 1281. Despite his failure to object at trial, Peoples argues that we should reverse because admission of Detective Cole's hearsay testimony amounted to fundamental error.

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment allows for procedures in probation revocation proceedings that are more flexible than those required in criminal prosecutions. Morrissey v. Brewer, 408 U.S. 471, 489 (1972); Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). Furthermore, the Indiana Rules of Evidence do not apply to probation proceedings. Ind. Evidence Rule 101(d). Consequently, hearsay is admissible as long as it is substantially trustworthy. Smith v. State, 971 N.E.2d 86, 90 (Ind. 2012). In determining whether evidence is substantially trustworthy, the trial court considers "whether the evidence reaches a certain level of reliability[.]" Reyes, 868 N.E.2d at 441.

Here, Detective Cole testified that he received reports from the Indiana State Police Laboratory that identified the substances purchased from Peoples as cocaine. Peoples does not argue that the lab test results were inaccurate. Instead, he argues that the State "did not establish that Detective Cole had the requisite training and experience to accurately interpret the lab reports." Appellant's Br. p. 9.

4

Although ideally the trial court should explain on the record why the hearsay is substantially trustworthy, it is not required to do so.[1] Reyes, 868 N.E.2d at 442. Detective Cole is an experienced Anderson Police officer assigned to the Madison County Drug Task Force. Therefore, it is reasonable to presume that he is capable of reading a lab report that identified a substance as cocaine. Peoples provides no basis for challenging either Detective Cole's ability to read the report or his credibility. Also, it is important to note that Detective Cole was subject to extensive cross-examination by Peoples, who did not raise the issue of Detective Cole's ability to read and understand the report. Tr. p. 15-31. Under these circumstances, we find that the trial court did not commit fundamental error by permitting Detective Cole to testify about the lab report.

Peoples also claims that the State failed to establish a proper chain of custody for the cocaine. Peoples notes that "Detective Cole did not testify that he personally sent the substances to the Indiana State Police lab and, without additional information, the reliability of the information provided by Detective Cole could not be ascertained." Appellant's Br. p. 10-11. However, "[t]here is a presumption of regularity in the handling of exhibits by police officers. Thus, merely raising the possibility of tampering is insufficient to make a successful challenge to the chain of custody." Bell v. State, 881 N.E.2d 1080, 1084 (Ind. Ct. App. 2008) (citations omitted). As Peoples does nothing more than raise the possibility of tampering, his chain of custody argument fails.

---

[1] This is especially true in cases where, as here, no hearsay objection was made.

Finally, Peoples argues that the evidence was insufficient to sustain the trial court's judgment revoking his probation. "A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence." Murdock v. State, 10 N.E.3d 1265, 1267 (Ind. 2014).

Here, the trial court found that Peoples violated his probation by dealing in cocaine. Because a probationer is required by statute not to commit any new crimes, id. at 1268, the trial court revoked Peoples's probation. Peoples argues that "[w]ithout the hearsay testimony of Detective Cole that the substances were cocaine, the evidence presented is not sufficient to establish by a preponderance of the evidence that Peoples . . . [was] dealing in cocaine." Appellant's Br. p. 11. As Peoples's sufficiency of the evidence claim relies entirely on his failed attempt to show that the trial court committed fundamental error in admitting hearsay testimony, this claim must fail as well.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.