## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2016, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel L. Riddle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 28, 2016

Court of Appeals Case No.
27A02-1511-CR-1980

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1312-FC-100

**May, Judge.**

[1] Daniel L. Riddle appeals the revocation of his direct placement in home detention. Because the State presented sufficient evidence to support the trial court's decision, we affirm.

# Facts and Procedural History

[2] Riddle pled guilty to Class C felony operating a vehicle after a lifetime suspension.[1] On August 11, 2014, the court sentenced Riddle to six years, with two years suspended to supervised probation. The court ordered Riddle to serve his executed time on home detention. Riddle entered home detention on August 18, 2014, at which time he signed the rules thereof. Those rules required him to abstain from alcohol and to not commit crimes.

[3] On April 18, 2015, Riddle argued with his girlfriend J.T. She wanted to leave their house, but he insisted she stay to talk. He grabbed her arms with such force that he left bruises on the underside of both her arms, and he pushed her against a wall. J.T.'s nine-year-old son went outside the house, flagged down a passerby, and asked for help because a man was beating up his mother. The passerby called police, who responded to the scene. Police spoke to J.T., but she did not report the battery or that Riddle had prevented her from leaving the house.

---

[1] Ind. Code § 9-30-10-17 (2013).

[4]     On April 21, 2015, Riddle again argued with J.T. After an hour of disagreement, J.T. decided to leave. Riddle refused to let her leave, blocked the door, and took her car keys. J.T. asked a friend, Susan, to call the police. Susan told the police that Riddle was keeping J.T. in the house and had physically assaulted J.T. on earlier occasions. Before the police could arrive at their house, J.T. managed to leave the house with her son and walk to Susan's house. Police arrived and found Riddle home alone. Riddle provided a phone number, and police contacted J.T. to determine her location. One officer remained with Riddle while another went to meet J.T.

[5]     J.T. met Officer Mench in the parking lot of a convenience store. Initially, J.T. did not want to talk about what had happened. Officer Mench read the statutory definition of criminal confinement to J.T., and then J.T. began to cry and showed Officer Mench the bruises on the undersides of her arms that Riddle inflicted on April 18. Officer Mench took pictures of the bruises. J.T. explained how Riddle had kept her in the house on April 18 and April 21, and had taken her car keys from her on April 21. While in Officer Mench's car, J.T. filled out a battery affidavit and a voluntary witness statement regarding the events of April 18 and April 21, and Officer Mench witnessed them.

[6]     Officer Mench radioed Officer Wells, who was still at J.T.'s house with Riddle, and asked that he retrieve J.T.'s car keys from Riddle. Officer Wells confirmed the car was registered only to J.T. He asked Riddle about the keys, and Riddle produced them from his pants pocket. Police arrested Riddle.

[7] On April 22, 2015, Riddle went to Community Corrections to see his Home Detention Case Manager, Mary Addison. Riddle reported he spent the night in jail after being arrested. He claimed "he didn't confine [J.T.]. He blocked the door so that she would not leave and she did anyway." (Tr. at 29.) He also "maintained that marks on her arm were left during a verbal confrontation." (*Id*.) Addison told Riddle he could return home if he was still allowed to stay there, which he was. The next day, April 23, Addison summoned Riddle to Community Corrections for a drug and alcohol test. Riddle admitted he had consumed seven beers on April 22, and his urine sample tested positive for alcohol.

[8] The State filed a petition to revoke Riddle's placement in home detention. The court held a hearing at which Officer Mench, Officer Wells, and Addison testified to the facts as stated herein. J.T.'s voluntary witness statement and battery affidavit were admitted into evidence. The court found by a preponderance of the evidence that Riddle violated home detention by committing criminal confinement and by consuming alcohol, and it revoked Riddle's placement.

# Discussion and Decision

[9] Trial courts have the authority to place convicted persons in home detention rather than in the Department of Correction. *State v. Vanderkolk*, 32 N.E.3d 775, 776-77 (Ind. 2015) (citing Ind. Code § 35-38-1-21(b) (2012)). "Home detention may be imposed as either a condition of probation or as an alternative

placement that is part of an offender's community corrections program." *Id*. at 777. Either way, the placement is a conditional liberty given at the discretion of the trial court, and we review the trial court's revocation thereof under the same standard. *Id*.

> A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence. When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to the weight or credibility—and will affirm if there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation.

*Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014) (internal citations and quotations omitted).

[10] The petition to revoke alleged Riddle violated his placement by consuming alcohol and committing criminal confinement.[2] Riddle admits he consumed alcohol, but argues the court would not have found that violation alone "sufficient justification to revoke" his placement. (Appellant's Br. at 13.) We need not address whether the court would have revoked Riddle's placement if

---

[2] Riddle notes "the original petition for revocation included the criminal confinement and domestic battery cases only," (Appellant's Br. at 13), and the amended petition that included consumption of alcohol as a violation was "filed on the day of the hearing." (*Id*.) He does not, however, assert on appeal any error in the amendment thereof; nor did he object to the filing of the amended petition at the hearing. Instead, he waived the initial hearing on the amended petition and admitted consuming alcohol. (*See* Tr. at 3.)

his only violation had been consumption of alcohol, as the record supports the finding he violated his placement by committing criminal confinement.

[11] Riddle argues the evidence was insufficient to support the court's finding regarding confinement because neither he nor J.T. testified about the events that occurred on April 21, 2015.[3] However, other evidence supported the court's finding.

[12] Criminal confinement occurs when a person knowingly or intentionally confines another person without the other person's consent. Ind. Code § 35-42-3-3. "'[C]onfine' means to substantially interfere with the liberty of a person." Ind. Code § 35-42-3-1. During the revocation hearing, the State introduced into evidence J.T.'s April 21, 2015 voluntary witness statement and battery affidavit. The affidavit affirmed under the penalties of perjury that Riddle "grabbed my arms" and that "touching resulted in bodily injury" to her. (State's Ex. 2.) The statement alleged:

> Saturday 4/18/15 Daniel refused to let me leave, blocking the door and grabbing ahold of me, Pushing me back against the wall by my arms, (upper) Tuesday 4/21/15 Daniel and I were arguing, I was tired of arguing and wanted to leave, he refused to let me leave. Blocking the door.

---

[3] In the midst of his sufficiency argument, in a one-sentence paragraph, Riddle states: "Moreover, the criminal confinement and domestic battery cases were both dismissed on September 3, 2015. Tr. p. 53." (Appellant's Br. at 12.) Riddle does not explain how that dismissal of criminal charges might be relevant to our analysis of whether the evidence was sufficient to support finding by a preponderance of the evidence that he confined J.T., and thus we need not address that issue.

(State's Ex. 3.)  The State also introduced into evidence photographs of bruises on J.T.'s arms.  (State's Ex. 5 & 6.)  When combined with the testimony of Officer Mench, Officer Wells, and Addison, the State presented sufficient evidence to permit the trial court to find by a preponderance of the evidence that Riddle interfered with J.T.'s liberty without her permission.[4]  *See Ransom v. State*, 850 N.E.2d 491, 498 (Ind. Ct. App. 2006) (evidence of confinement sufficient where accomplice holding a gun backed victim against a closed door, victim believed the door was locked, and victim "did not feel free to leave").

# Conclusion

[13] The evidence was sufficient to support the revocation of Riddle's placement in home detention.  Accordingly, we affirm.

Baker, J., and Brown, J., concur.

---

[4] Riddle notes most Rules of Evidence do not apply in revocation proceedings but "there still needs to be some indication of the reliability of the source."  (Appellant's Br. at 10.)  Riddle does not cite authority to support that quote; he does not set out a standard by which we determine if there is some indication of reliability; nor does he seem to challenge on this basis any evidence besides the recording of the 9-1-1 call, to which he did not object at the hearing.  For all these reasons, any argument he intended to raise was waived. *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be cogent and supported with citation to authority).