## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2018, 8:44 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| James A. Shoaf | Curtis T. Hill, Jr. |
| Columbus, Indiana | Attorney General of Indiana |
| | |
| | Evan Matthew Comer |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rose Mary Boling, | June 29, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-652 |
| v. | Appeal from the Bartholomew Superior Court I |
| State of Indiana, | The Honorable James D. Worton, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 03D01-1704-F6-2355 |

**Najam, Judge.**

## Statement of the Case

Rose Mary Boling appeals her sentence following the trial court's revocation of her probation. Boling presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered her to serve the balance of her sentence in the Bartholomew County Jail.

We affirm.

## Facts and Procedural History

In October 2017, Boling pleaded guilty to unlawful possession of a syringe, as a Level 6 felony. In exchange for her plea, the State dismissed one count of possession of paraphernalia, as a Class C misdemeanor. The trial court accepted Boling's guilty plea and sentenced her to an aggregate term of one and one-half years suspended to probation. As a condition of her probation, the court ordered Boling in relevant part to notify the probation department of any changes in her address within twenty-four hours and to report to the probation officer at reasonable times "as directed." Appellant's App. Vol. II at 32. The trial court also ordered Boling not to use or possess alcohol.

On November 22, Boling contacted her probation officer and stated that she would not be able to attend a previously-scheduled appointment because she was ill. After Boling did not make an effort to reschedule the appointment, the probation officer was unable to contact her about rescheduling because she did not have a phone number or address for Boling. Accordingly, on January 4, 2018, the State filed a petition to revoke Boling's probation. In that petition,

the State alleged that Boling had violated the terms of her probation when she failed to report to the appointment with her probation officer on November 22, 2017, and when she failed to provide her probation officer with an address. At the time the State filed the petition, Boling's whereabouts were unknown. The trial court issued a warrant for her arrest, and Boling was later arrested on February 3, 2018.

On March 7, the trial court held a hearing on the State's petition to revoke Boling's probation. At the hearing, Boling admitted to the alleged violations. The court then revoked Boling's probation and ordered her to serve the balance of her one and one-half year sentence in the Bartholomew County Jail. This appeal ensued.

## Discussion and Decision

Boling appeals the trial court's order that she serve the balance of her previously suspended sentence. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of her probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2017). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the logic and effect of the facts and circumstances" before the court. *Robinson v.*

*State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id*.

[7] Here, Boling asserts that the trial court abused its discretion when it ordered her to serve the balance of her previously suspended sentence because she testified that she had missed the appointment on November 22, 2017, because she was ill and that she had failed to provide an address because she was moving from house to house. Boling also testified that she now had a place to live and is a self-employed painter. Boling's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do.

[8] The trial court's judgment is supported by substantial evidence and was within the court's sound discretion. The trial court originally suspended the entirety of Boling's sentence. Then, just over one month into her probation, Boling failed to appear at an appointment, failed to reschedule the appointment, and failed to provide her probation officer with an address. And Boling's probation officer did not have any contact with Boling or know where Boling was from November 22, 2017, until February 3, 2018. Further, Boling admitted that she did not contact her probation officer during that time because she was using alcohol. Thus, the court's order that Boling serve the balance of her term is supported by the record and well within the trial court's discretion. We affirm the court's judgment.

[9]     Affirmed.

Robb, J., and Altice, J., concur.