## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 19 2018, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio D. Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 19, 2018

Court of Appeals Case No.
18A-CR-263

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48D01-0912-FA-256

**Robb, Judge.**

# Case Summary and Issue

[1] The trial court revoked Moore's probation and ordered him to serve two of the four years of his previously suspended sentence. Moore appeals, challenging the sufficiency of the evidence supporting the trial court's revocation decision. Concluding that the State produced sufficient evidence in the form of the investigating officer's testimony which showed that Moore had failed to behave well in society when he fired a gun in a crowded bar, we affirm.

# Facts and Procedural History

[2] On October 8, 2010, Moore pleaded guilty to possession of cocaine as a Class C felony and to possession of marijuana as a Class A misdemeanor. On November 15, 2010, the trial court sentenced Moore to an aggregate sentence of eight years, with four years suspended to probation. On September 28, 2016, the State filed a notice of probation violation, and on October 25, 2016, the trial court found that Moore had violated his probation by testing positive for alcohol and cannabinoids. The trial court revoked one year of Moore's previously suspended sentence but stayed execution of that year contingent on Moore's continued compliance with the terms of his probation.

[3] On October 27, 2017, the State filed a second notice of probation violation. The State alleged that Moore had violated the terms of his probation by failing to behave well in society by taking substantial steps toward the commission of a new offense of criminal recklessness. At the probation revocation hearing, the

State called as its sole witness Officer Joe Garrett of the Anderson City Police Department. Officer Garrett had investigated the events which formed the basis of the State's efforts to revoke Moore's probation. On October 1, 2017, Officer Garrett was dispatched to a bar located in Anderson on a call of shots fired. When Officer Garrett arrived at the bar, he observed that ten to fifteen cars were attempting to leave the scene quickly, which, in his experience, indicated that something had just occurred at the bar. Upon investigating, Officer Garrett observed that there was a spent shell casing on the bar's dance floor and that there was a hole in the ceiling above the dance floor, which led him to conclude that someone had fired a gun into the ceiling.

[4] As part of his initial investigation, Officer Garrett interviewed the daughter of the owner of the bar. The daughter told Officer Garrett that "J.R. Beck's brother" had fired a gun in the bar and that she knew it was Beck's brother because previously Beck himself had been killed near the bar. Transcript at 12-13, 27. Officer Garrett knew that the daughter was speaking about Moore when she referred to J.R. Beck's brother. When identifying Moore as the shooter that evening, the daughter told Officer Garrett that she did not care about being branded a "snitch." *Id.* at 13. The daughter was visibly upset that a gun had been discharged at her mother's place of business and that her mother had possibly been placed in danger. However, the daughter did not wish to have her name associated with the investigation and did not cooperate with authorities any further.

[5] Officer Garrett also interviewed the owner of the bar, who did not witness the actual shooting. The owner characterized the bar as having been busy that evening. A few days after the shooting, Officer Garrett returned to the bar to show the owner a photo lineup that included Moore. The owner did not identify Moore from the photo lineup at that time, but she telephoned Officer Garrett several hours later to inform him that she did recognize Moore from the photo lineup as having been present in the bar during the evening of the shooting. The owner explained to Officer Garrett that she had not identified Moore immediately when first shown the photos because she did not want patrons of the bar who were present to know that she was cooperating with the authorities. Officer Garrett also learned during the course of his investigation that Moore's mother had come to the bar after the instant shooting to confront the owner about what she felt was a high level of violence and criminal activity at the bar, which she wanted to shut down.

[6] At the revocation hearing, Moore did not lodge a contemporaneous objection to any of Officer Barrett's testimony on hearsay grounds, although Moore's counsel argued after the close of evidence that Officer Garrett's testimony was unreliable hearsay. The trial court found that Officer Garrett's hearsay testimony was reliable because it consisted of statements made by members of the public to an officer acting in his official capacity during an investigation. In revoking Moore's probation, the trial court found that the State had shown by a preponderance of the evidence that Moore fired a gun in a crowded bar, committing criminal recklessness. The trial court ordered Moore to serve two

years of his previously suspended sentence on work release. Moore now appeals the trial court's revocation of his probation.

# Discussion and Decision

## I. Standard of Review

[7] "A probation hearing is civil in nature, and the State must prove an alleged violation by a preponderance of the evidence." *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). When the sufficiency of evidence supporting a probation revocation is at issue, we consider only the evidence most favorable to the judgment, without regard to weight or credibility, and we will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation." *Id*. (citation omitted).

## II. Sufficiency of the Evidence

[8] The State alleged that Moore violated his probation when he failed to behave well in society by taking substantial steps toward the commission of an act of criminal recklessness. "A person who recklessly, knowingly, or intentionally performs an act that creates substantial risk of bodily injury to another person commits criminal recklessness." Ind. Code § 35-42-2-2(a). A person acts recklessly if he engages in conduct "in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from the acceptable standards of conduct." Ind. Code § 35-41-2-2(c).

[9] Here, the evidence showed that on October 1, 2017, Officer Garrett was told by the bar owner's daughter that Moore had fired a gun inside the bar, which had been busy that evening. This report was corroborated by Officer Garrett's observation of a hole in the ceiling of the bar and a spent shell casing on the dance floor. Officer Garrett had also observed the bar crowd hurriedly dissipating when he arrived at the scene, which supported a reasonable inference that the shooting had occurred recently. In addition, the bar owner's subsequent identification of Moore as having been in the bar that night placed him at the scene and, as such, corroborated her daughter's identification of Moore as the shooter. Furthermore, the fact that Moore's mother came to the bar after the shooting to protest what she considered to be the bar's violent and criminal atmosphere lent further evidentiary support to the identification of Moore as the shooter.

[10] The trial court reasonably concluded from this evidence that it was Moore who fired a gun in the crowded bar, thus taking a substantial step towards creating a substantial risk of bodily harm to others, in disregard of the harm it might have caused and in deviation from acceptable standards of conduct. We would note that actual convictions for criminal recklessness have been sustained as proven beyond a reasonable doubt on evidence of conduct less egregious than that involved in this case. *See, e.g.*, *Smith v. State*, 802 N.E.2d 948, 955 (Ind. Ct. App. 2004) (finding sufficient evidence of criminal recklessness where Smith waved a gun out of his car window while passing by a home where his victim was visiting and shots were fired). We conclude that, under the preponderance

of the evidence standard applicable to probation revocations, the State met its burden of showing that Moore took at least a substantial step in committing an act of criminal recklessness, as alleged in its notice of violation.

[11]     Nevertheless, Moore argues there was insufficient evidence that he was present at the bar and that it was he who fired the gun. Brief of Appellant at 12. Moore's argument chiefly consists of directing our attention to evidence that does not support the trial court's revocation decision and to evidence which he contends rendered the State's evidence less credible. Given our standard of review, these arguments are unpersuasive. *See Murdock*, 10 N.E.3d at 1267.

[12]     Moore also briefly argues that the evidence supporting his conviction is insufficient because Officer Garrett's testimony included hearsay which was not substantially trustworthy. Br. of Appellant at 13. We note that Moore's counsel did not object to the admission of Officer Garrett's testimony on hearsay grounds when it was offered during the hearing, and so his claim is waived. *See Wilkerson v. State*, 918 N.E.2d 458, 462 n.1 (Ind. Ct. App. 2009) (finding Wilkerson's argument on appeal that hearsay testimony was not substantially trustworthy to be waived for failure to raise an objection on that basis at his revocation hearing).

[13]     However, even if a timely objection had been made to the challenged hearsay, it would not have been well taken. Hearsay is admissible in probation revocation proceedings if it is "substantially trustworthy." *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007), *reh'g denied*. Where the State shows the hearsay evidence bears

"substantial guarantees of trustworthiness," it need not also show good cause for not producing live testimony. *Id*. at 441. Here, the hearsay statements of the bar owner's daughter, who made the principle identification of Moore, were shown to be substantially trustworthy because, as she explained to Officer Garrett, she made her statements because she was upset about the fact that her mother and the bar had been placed in danger by Moore's conduct, and she made the statement to Officer Garrett despite what she considered to be a risk to herself of being labeled as an informer. Thus, there was no evidence that she had a motive to fabricate her identification of Moore. In addition, her statement was corroborated by the physical evidence at the scene of the hole in the ceiling and the spent shell casing as well as by the bar owner's confirmation that Moore had been present at the bar that evening. Because the State showed by a preponderance of the evidence that Moore violated a condition of his probation by failing to behave well in society, we affirm the trial court's revocation decision.

## Conclusion

[14] We affirm the trial court's decision to revoke Moore's probation upon finding that the State had proved by a preponderance of the evidence that he had violated a condition of his probation by failing to behave well in society.

[15] Affirmed.

Najam, J., and Altice, J., concur.