## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Michael Vo Sherman
Certified Legal Intern

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deonta D. Anderson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 26, 2019

Court of Appeals Case No.
19A-CR-405

Appeal from the
Madison Circuit Court

The Honorable
David A. Happe, Judge

Trial Court Cause No.
48C04-1706-F6-1570

**Vaidik, Chief Judge.**

# Case Summary

[1] Deonta D. Anderson appeals his conviction for Level 6 felony resisting law enforcement, arguing that the evidence is insufficient. We affirm.

# Facts and Procedural History

[2] Around 7 p.m. on June 10, 2017, Anderson Police Department Officer Ryan Prado was on patrol when he was dispatched to Cooper's Sport Bowl on a report of a man and a woman "fighting" in the parking lot. Tr. p. 133. When Officer Prado arrived on the scene, he saw a man, later identified as Anderson, and a woman "loud[ly]" "arguing" and "yelling." *Id.* at 134, 135. The arguing and yelling was loud enough that Officer Prado could hear it from his patrol car about twenty-five feet away. Officer Prado didn't know what had happened before his arrival, so he approached the woman to investigate. The woman yelled at Officer Prado to "get" Anderson. *Id.* at 144. Officer Prado then ordered Anderson to "[s]top, come here," but Anderson responded, "[N]o, I don't have to." *Id.* at 135. Officer Prado told Anderson to stop "at least five" times, but Anderson never did. *Id.* at 138. Eventually, Anderson got into his car. When Officer Prado ordered Anderson to get out, he locked the door and "drove away." *Id.* Officer Prado did not pursue Anderson, but he was eventually able to identify him.

[3] The State charged Anderson with Level 6 felony resisting law enforcement for fleeing by car. A jury trial was held. During closing argument, defense counsel

argued that Officer Prado did not have a reasonable basis for ordering Anderson to stop and that therefore Anderson was not required to obey Officer Prado's orders. *Id.* at 171. The jury found Anderson guilty, and the trial court sentenced him to 880 days executed in the Department of Correction.

[4] Anderson now appeals.

# Discussion and Decision

[5] Anderson contends that the evidence is insufficient to support his conviction. As relevant here, the resisting statute provides that a person who knowingly or intentionally flees in a car after being ordered to stop by a law-enforcement officer commits Level 6 felony resisting law enforcement. Ind. Code § 35-44.1-3-1(a)(3), (c)(1)(A). Anderson does not dispute that Officer Prado ordered him to stop or that he fled by car. Instead, his appeal is based on our Supreme Court's holding that this part of the resisting statute must be read to require that the police officer's order to stop be based on probable cause or reasonable suspicion, that is, specific, articulable facts that would lead the officer to reasonably suspect that criminal activity is afoot. *Gaddie v. State*, 10 N.E.3d 1249, 1255 (Ind. 2014); *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Absent proof that the officer's order to stop meets this requirement, the evidence is insufficient to establish the offense of resisting law enforcement. *Gaddie*, 10 N.E.3d at 1255. Anderson argues that Officer Prado's order to stop was not based on reasonable suspicion of criminal activity.

[6]     Anderson claims that the facts of this case "are almost perfectly in line with those in *Gaddie*," where our Supreme Court reversed the defendant's conviction for resisting law enforcement. Appellant's Br. pp. 7-8. In *Gaddie*, around 10 p.m. police were dispatched to a house in Indianapolis on a report of a "disturbance." 10 N.E.3d at 1252. When police arrived, there were eight people on the front porch and in the front yard "screaming and yelling." *Id.* There were several other people, including the defendant, walking along a side yard toward the back of the house. An officer told the group to return to the front yard, and everyone did so except the defendant. The officer followed the defendant and ordered him to stop twice. The defendant looked back but did not stop. At trial, the officer testified that he had not seen the defendant or anyone else commit a crime before ordering the defendant to stop. On appeal, our Supreme Court found that the officer's order to stop was not based on reasonable suspicion:

> [The officer] testified that he had responded to "just a disturbance" and that he had not seen the defendant or anyone else commit a crime prior to ordering the defendant to stop. Our legislature has not defined a "disturbance" as a crime, and thus a report of a disturbance, without more, is not a sufficient basis upon which to conduct an investigatory stop.

*Id.* at 1255.

[7]     As the State points out, here there is more. That is, Officer Prado was dispatched to the parking lot of Cooper's Sport Bowl on a report of a man and a woman "fighting." When Officer Prado arrived on the scene, he didn't know

what had been going on but saw that Anderson and the woman were arguing and yelling loudly. In fact, according to Officer Prado, the yelling was loud enough to be classified as disorderly conduct. Tr. p. 147; *see* Ind. Code § 35-45-1-3(a). When Officer Prado approached the woman to investigate, she told him to "get" Anderson. Based on these facts, we conclude that Officer Prado had reasonable suspicion that criminal activity was afoot and therefore could freeze the situation to investigate. We therefore affirm Anderson's conviction for Level 6 felony resisting law enforcement.[1]

[8] Affirmed.

Riley, J., and Bradford, J., concur.

---

[1] During the preliminary-instructions and final-instructions conferences, defense counsel asked the trial court to instruct the jury that Officer Prado's order to stop must have been based on reasonable suspicion or probable cause, but the trial court declined to do so. *See* Tr. pp. 111-16, 159-60. On appeal, Anderson does not argue that the trial court erred by not giving such an instruction.