## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 04 2020, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edgar Cardenas,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 4, 2020

Court of Appeals Case No.
20A-CR-1411

Appeal from the Cass Superior
Court

The Honorable James K.
Muehlhausen, Judge

Trial Court Cause No.
09D01-1710-F6-404

**Najam, Judge.**

# Statement of the Case

Edgar Cardenas appeals the trial court's revocation of his probation. Cardenas raises a single issue for our review, namely, whether the trial court abused its discretion when it relied on an affidavit that was based on hearsay in revoking his probation. We affirm.

# Facts and Procedural History

In September of 2018, Cardenas pleaded guilty to battery, as a Level 6 felony. The trial court accepted Cardenas's plea agreement and sentenced him to time already served along with a probationary term of 852 days.

In February of 2020, the State filed a notice of probation violation and alleged that Cardenas had committed six new criminal offenses, including additional counts of battery. The State attached to its notice the affidavit of Glenn L. Wilson, an investigator for the Clinton County Prosecutor's Office. According to Wilson's affidavit, Carter Albertson had reported to Frankfort Police Department Officer Evan Hall that Cardenas had hit Carter with a wooden baseball bat. Wilson's affidavit also reported that Calee Albertson had reported to Officer Hall that Cardenas had struck her across the face.

At the ensuing fact-finding hearing on the State's notice of probation violation, the State called Officer Hall. Officer Hall testified as follows without objection:

> Q . . . When you arrived who was the first witness that you spoke with?

\* \* \*

A      It would be Daniel and Heather Wynne.

Q      And what did the Wynnes report to you when you arrived?

A      . . . Daniel stated that he heard a female . . . yelling bloody murder [and] went down [the street a few houses] to check it out and saw a male get hit over the head by another male with a baseball bat.

\* \* \*

Q      Okay, thank you. And you just referenced a Mr. Albertson in this situation?

\* \* \*

A      Yes.

Q      Okay when you first made contact what did you observe about him?

A      . . . [H]e was holding his . . . I can't remember what side of his head, but . . . said he had been struck by an object.

\* \* \*

Q      Okay, what did Mr. Albertson say happened . . . ?

A     He stated that Mr. Cardenas came upstairs where he was asleep and told him he needed to go downstairs with his sister. He stated that as soon as he got to the back porch he was hit in the back of the head or in the side of the head with an object. . . .

* * *

Q     Okay, and did you also have a chance to speak to a Ms. Albertson?

A     I did.

Q     What is her first name?

A     Calee.

Q     And what is Calee's relationship to . . . Carter Albertson?

A     That would be his older sister.

Q     Okay, and what if anything did Ms. Albertson indicate to you?

A     . . . [S]he stated that . . . her and Mr. Cardenas . . . went to a gas station [and] on the way back he told . . . her that he was going to cause harm to her brother . . . .  And she said you aren't going to lay hands on my brother.

* * *

Q     Okay, thank you.  What physical observations did you make about Ms. Albertson?

A        . . . [T]here was redness to the side of her face.

* * *

A        She stated . . . that [Cardenas] struck her [o]n the side of
the face . . . .

Tr. at 18-21.

[5]    Following Officer Hall's testimony, the trial court found that Cardenas had
violated the terms of his probation by committing two acts of battery.  In
reaching that conclusion, the court stated that it had taken judicial notice of
Wilson's affidavit and that its conclusion that Cardenas had committed the two
acts of battery was based "on the testimony heard today and the Verified
Affidavit of Prosecutor Investigator Glenn L. Wilson." *Id.* at 30.  The court
then ordered Cardenas to serve the suspended portion of his original sentence.
This appeal ensued.

## Discussion and Decision

[6]    Cardenas appeals the trial court's revocation of his probation.  As our Supreme
Court has stated:

> "Probation is a matter of grace left to trial court discretion, not a
> right to which a criminal defendant is entitled." *Prewitt v. State*,
> 878 N.E.2d 184, 188 (Ind. 2007) (explaining that:  "Once a trial
> court has exercised its grace by ordering probation rather than
> incarceration, the judge should have considerable leeway in
> deciding how to proceed.  If this discretion were not afforded to
> trial courts and sentences were scrutinized too severely on

> appeal, trial judges might be less inclined to order probation to future defendants.").  A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence.

*Murdock v.* State, 10 N.E.3d 1265, 1267 (Ind. 2014).

[7] Cardenas asserts that the trial court abused its discretion when it admitted Wilson's affidavit into evidence and relied on it in its judgment.  Trial courts have broad discretion whether to admit or exclude evidence.  *Marshall v. State*, 117 N.E.3d 1254, 1258 (Ind. 2019).  Appellate courts generally review decisions to admit evidence for abuse of discretion.  *Zanders v. State*, 118 N.E.3d 736, 741 (Ind. 2019).  "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights."  *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016) (quotation omitted).

[8] Cardenas has not met his burden to show reversible error.  Wilson's affidavit identified what Officer Hall's testimony on the notice of probation violation would be.  In particular, Officer Hall testified that Calee had said that Cardenas intended to attack Carter that evening.  Officer Hall further testified that Carter had said that he was hit over the head with a bat shortly after following Cardenas's instructions to go downstairs.  That evidence was sufficient to support at least the State's allegation that Cardenas had attacked Carter.  And Cardenas did not object to Officer Hall's testimony.

[9] In other words, Wilson's affidavit was merely cumulative to Officer Hall's testimony to the court at the fact-finding hearing. Reversible error cannot be predicated upon the erroneous admission of evidence that is merely cumulative of other evidence that had already been admitted without objection. *Sibbing v. Cave*, 922 N.E.2d 594, 598 (Ind. 2010). We therefore cannot say that the trial court abused its discretion in its admission of Wilson's affidavit, and we affirm the revocation of Cardenas's probation.

[10] Affirmed.

Riley, J., and Crone, J., concur.