## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2020, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Evan D. Wilford,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 11, 2020

Court of Appeals Case No.
20A-CR-1305

Appeal from the Vigo Superior
Court

The Honorable John T. Roach,
Judge

Trial Court Cause No.
84D01-1402-FB-350

**Najam, Judge.**

## Statement of the Case

Evan D. Wilford appeals the trial court's order that he serve the balance of his previously suspended sentence following the court's revocation of his probation. Wilford presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence. We affirm.

## Facts and Procedural History

In 2014, Wilford pleaded guilty to criminal confinement, as a Class C felony. The court accepted Wilford's plea agreement and ordered him to serve two years on in-home detention and suspended the remaining six years to formal probation.

In November of 2015, the State filed a notice of placement violation while Wilford was on in-home detention. The State alleged that Wilford had failed multiple drug screens. Wilford admitted to the violations, and the court revoked his in-home placement.

Wilford began serving his term of formal probation in May of 2016. In 2018 and 2019, the State charged Wilford with multiple new offenses over at least nine different cause numbers. The State then filed a notice of probation violation in this cause, which notice the State subsequently amended to include allegations that Wilford had also tested positive for controlled substances.

In February of 2020, Wilford admitted to having committed numerous new offenses in violation of his probation. In exchange for his admission, the State

recommended that Wilford be returned to probation "with the additional condition he successfully complete residential treatment at Hamilton Center—Oak Street." Appellant's App. Vol. 2 at 159. The trial court accepted the State's recommendation.

[6] About one week after being admitted into the Hamilton Center, Wilford was discharged for noncompliance. In particular, he had violated the Hamilton Center's rules on phone usage, and he had argued with another resident. And, when the Hamilton Center evaluated him for readmission after that discharge, Wilford "den[ied] a need for treatment." *Id.* at 169. The court revoked Wilford's placement on probation and ordered him to serve the balance of his previously suspended sentence in the Indiana Department of Correction. This appeal ensued.

## Discussion and Decision

[7] Wilford appeals the trial court's order that he serve the balance of his previously suspended sentence. As our Supreme Court has stated:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that: "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants."). A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence.

*Murdock v.* State, 10 N.E.3d 1265, 1267 (Ind. 2014).

[8] Wilford asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence. In particular, Wilford asserts that his noncompliance with the Hamilton Center's rules were minor transgressions. He also asserts, relying on his own testimony to the trial court, that he was doing well with the conditions of his probation until "restrictions began as a result of COVID-19," which caused Wilford to "struggle[] with managing his ADHD, los[e] his focus, and beg[i]n making poor decisions . . . ." Appellant's Br. at 7.

[9] Wilford's arguments on appeal are, at best, a request for this court to reweigh the evidence on appeal, which we cannot do. The evidence before the trial court demonstrates that Wilford had numerous opportunities to bring himself into compliance with the conditions of his probation. Instead, he committed multiple new offenses and failed a last-chance opportunity to comply with the Hamilton Center's requirements. We cannot say that the trial court abused its discretion when it ordered Wilford to serve the balance of his previously suspended sentence in the Department of Correction, and we therefore affirm the trial court's judgment.

[10] Affirmed.

Riley, J., and Crone, J., concur.