

FILED

Jun 02 2023, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Aaron J. Stoll
The Law Office of Aaron J. Stoll, LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Manuel Trejo, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 2, 2023 <br><br> Court of Appeals Case No. 22A-CR-2667 <br><br> Appeal from the Noble Circuit Court <br><br> The Honorable Michael J. Kramer, Judge <br><br> Trial Court Cause No. 57C01-0701-FA-2 |

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] Manuel Trejo appeals the trial court's finding that he violated a condition of his probation by failing to meet with the Noble County Probation Department upon his release from the Indiana Department of Correction (DOC). Trejo claims he could not meet with the probation department because he was in the custody of United States Immigration and Customs Enforcement (ICE). Thus, Trejo contends his failure was involuntary. Because lack of volition is not a defense to an alleged probation violation under Indiana law, we affirm.

## Facts

[2] In May 2008, Trejo was sentenced on a felony drug conviction to eight years in the DOC with five years suspended to probation. Standard Condition 1 of Trejo's probation stated, in pertinent part: "You shall meet with the [probation department] immediately. You shall report to your probation officer as directed, and you shall truthfully answer all reasonable questions of your officer." App. Vol. II, p. 14. Presumably, Trejo was taken into DOC custody after sentencing to begin serving the executed portion of his sentence.

[3] Eighteen months later, in November 2009, the State filed a petition to revoke Trejo's probation, claiming he violated Standard Condition 1. The State's petition specifically alleged: "According to [ICE] records, [Trejo] is in their custody and is pending removal from the United States. Thus, he has violated the terms and conditions of his probation." *Id.* at 35.

[4]     On the day the State filed its probation revocation petition, the trial court issued a warrant for Trejo's arrest. But Trejo was not arrested for the alleged probation violation until August 2022—13 years later. At Trejo's factfinding hearing, Chief Probation Officer Stacey Beam testified that Trejo was in ICE custody in November 2009 but she did not know when Trejo was released from the DOC. Officer Beam further testified that she could find no record of Trejo contacting the probation department and, to Officer Beam's knowledge, no such contact had occurred.

[5]     The trial court found that Trejo violated Standard Condition 1 of his probation and ordered him to serve 2½ years of his previously suspended sentence in the DOC. In issuing its sanction, the court noted that Trejo had made no effort to contact the probation department in the last 13 years. Trejo appeals.

## Discussion and Decision

[6]     Probation revocation is a two-step process: (1) the trial court must make a factual determination that a violation occurred; and (2) if a violation is proven, the trial court must determine if that violation warrants revocation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Trejo only challenges the trial court's step-one determination, arguing that the State presented insufficient evidence to prove he violated his probation.

[7]     The State must prove an alleged probation violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f). "When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without

regard to weight or credibility." *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). "[We] will affirm if 'there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation.'" *Id.* (quoting *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995)).

[8] Trejo does not dispute that he failed to meet with the probation department in November 2009, as required by Standard Condition 1 of his probation. Rather, he claims the State did not prove his failure was voluntary. According to Trejo, the evidence showed he was in either DOC or ICE custody at all relevant times; thus, he could not meet with the probation department.

[9] But "lack of volition" is "not a defense" to an alleged probation violation. *Woods*, 892 N.E.2d at 641. It is only a factor for the trial court to consider in fashioning the appropriate sanction once a violation is found. *Id.* (citing *United States v. Warner*, 830 F.2d 651, 657-58 (7th Cir. 1987) ("While good faith and lack of willfulness does not preclude finding a probation violation, defendant could and did raise his alleged good faith before the court as a factor for the court to consider in deciding whether to revoke probation.")).

[10] We find sufficient evidence to support the trial court's determination that Trejo violated Standard Condition 1 of his probation by failing to meet with the probation department once he was no longer in DOC custody in November 2009. Trejo's inability to meet with the probation department because he was in ICE custody at the time has no bearing on whether the probation violation

occurred. Instead, his alleged inability to comply with Standard Condition 1 bears on the trial court's sanction for the violation, which Trejo does not challenge.

[11] We affirm the trial court's judgment.

Bailey, J., and Brown, J., concur.