## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2020, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert A. Wilson, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 24, 2020

Court of Appeals Case No.
19A-CR-1819

Appeal from the Madison Circuit Court

The Honorable Mark Dudley, Judge

Trial Court Cause No.
48C06-1504-F3-524

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Robert Wilson (Wilson), appeals the trial court's revocation of his probation and the sanction it imposed following that revocation.

We affirm.

# ISSUES

Wilson presents two issues on appeal, which we restate as the following three:

> (1) Whether the trial court abused its discretion when it admitted certain hearsay evidence;
>
> (2) Whether the State proved by a preponderance of the evidence that Wilson violated his probation; and
>
> (3) Whether the trial court abused its discretion when it ordered Wilson to execute six years of his previously-suspended sentence.

# FACTS AND PROCEDURAL HISTORY

On April 8, 2015, the State filed an Information, charging Wilson with Level 3 felony armed robbery, Level 6 felony possession of cocaine, and Class A misdemeanor false informing. On October 13, 2015, Wilson pleaded guilty as charged, and on November 23, 2015, the trial court imposed an aggregate sentence of twelve years, with seven years suspended to probation. As part of the conditions of his probation, Wilson was required to refrain from committing

new offenses and possessing illegal substances. While incarcerated, Wilson was admitted to a purposeful incarceration program to address his substance abuse. Wilson was terminated from the program for uncompleted treatment.

[5] Wilson was released from incarceration on September 27, 2018, and began his probation. On October 26, 2018, Officer Matthew Kopp (Officer Kopp) of the Anderson Police Department (APD) responded to a call of a domestic battery at a home in the 1500 block of Arrow Avenue in Anderson, Indiana. Officer Kopp encountered Wilson and the mother of Wilson's child, Sadie Cosby (Cosby), at the residence. Officer Kopp arrested Wilson, who was charged subsequently with domestic battery. As part of that criminal case, a no-contact order was entered against Wilson in favor of Cosby. On November 8, 2018, the State filed a Notice of Probation Violation, alleging that Wilson had committed the new offense of domestic battery on Cosby on October 26, 2018. Wilson failed to appear for his initial hearing on the State's first Notice, and a warrant was issued for his arrest.

[6] On December 19, 2018, Cosby called 9-1-1 and reported that Wilson was in violation of the no-contact order and that he had choked her. A few minutes after receiving the dispatch, Officer Mark Dawson (Officer Dawson) of the APD responded to the call at the same home in the 1500 block of Arrow Avenue in Anderson. Wilson, who had been seen by Cosby's Mother in the back yard of the home, departed before Officer Dawson arrived. When Officer Dawson encountered Cosby, she was visibly upset, breathing heavily, and appeared to have been crying. Cosby reported to Officer Dawson that Wilson

had battered and choked her. Cosby had visible redness around her neck. Officer Dawson observed that Cosby had difficulty speaking, breathing, and swallowing, which Officer Dawson had been trained to recognize as indicia of strangulation. On December 28, 2018, the State filed its Amended Notice of Violation of Probation, alleging that on December 19, 2018, Wilson had taken substantial steps toward the commission of the new offenses of domestic battery, strangulation, criminal confinement, and invasion of privacy. On January 18, 2019, the State filed an Information, charging Wilson with those offenses.[1] On April 17, 2019, Wilson was taken into custody, and he was released from custody on June 3, 2019.

[7] On June 14, 2019, Wilson reported to his probation officer. Wilson took a drug screen which was positive for illegal substances. On June 26, 2019, the State filed its Second Amended Notice of Violation of Probation, alleging that on June 14, 2019, Wilson had committed the new offenses of possession of methamphetamine/amphetamine, cocaine, and cannabinoids by providing a positive drug screen.

[8] The hearing on the State's Second Amended Notice of Violation of Probation was scheduled for July 12, 2019. Cosby was subpoenaed as a witness for the hearing and met with the State's investigator, Randy Tracy, prior to the hearing. As the two met, Wilson contacted Cosby, who was pregnant with

---

[1] The domestic battery was charged as domestic battery resulting in moderate bodily injury, a Level 6 felony, Ind. Code §§ 35-42-2-1.3 (a)(1), -(b)(3).

Wilson's child at the time, on her cell phone and directed her to inform the State that she and her mother would not testify against Wilson.

[9] At the probation violation hearing, Wilson admitted that he had committed the June 14, 2019, offenses by providing a positive drug screen as alleged by the State. Because Wilson denied the other allegations against him, the trial court conducted an evidentiary hearing. The trial court initially allowed Officer Kopp to testify over Wilson's hearsay objection that Cosby had reported on October 26, 2018, that Wilson had battered her, finding that her report to law enforcement was substantially trustworthy hearsay admissible in the revocation proceeding. Officer Kopp then testified that, as he attempted to place Wilson under arrest, Cosby had recanted her report. The trial court sustained Wilson's objection to this hearsay testimony, finding that Cosby's recantation rendered all hearsay testimony regarding her statements on October 26, 2018, untrustworthy. The trial court struck the previously-admitted hearsay statements from the record.

[10] Officer Dawson testified regarding Cosby's statements to him on December 19, 2018. The trial court admitted those statements over Wilson's hearsay objection, finding that they were excited utterances excepted from the hearsay rule. Photographs depicting injuries to Cosby's neck were also admitted as Exhibits 3 through 5. At the close of the evidence, the trial court found that the State had failed to prove that Wilson committed the October 26, 2018, domestic battery because there was no evidence in the record as to who had battered Cosby on that day. The trial court also found that the State had failed to prove

that Wilson had committed criminal confinement on December 19, 2018, but that the State had shown by a preponderance of the evidence that Wilson had violated the terms of his probation by committing the other December 19, 2018, offenses and, by his own admission, by committing the June 14, 2019, drug possession offenses. The trial court revoked Wilson's probation.

[11] The trial court then proceeded to a hearing on what sanction to impose as a result of the violations. Wilson was sworn in and testified that the reason that he tested positive for illegal substances on June 14, 2019, was that he was using drugs in jail after he was taken into custody for the December 19, 2018, offenses. Wilson maintained that he had just procured employment and was to start substance abuse treatment that day. As to his relationship with Cosby, Wilson testified that they were attempting to work out their difficulties. Wilson's counsel requested that the trial court sanction Wilson with a community corrections, Continuum of Sanctions (COS), or some other form of probation as an alternative to the Department of Correction.

[12] The trial court noted the short period of time between Wilson's release from incarceration for the underlying offenses and his commission of the December 19, 2018, new offenses. The trial court also observed that, after being released from custody on June 3, 2019, Wilson was abusing illegal substances eleven days later, Wilson had not sought substance abuse treatment until just before the hearing, and that Wilson had pressured Cosby not to testify at the probation revocation hearing. The trial court concluded that these circumstances did not

reflect well on Wilson's character and ordered him to serve six years of his previously-suspended sentence.

[13] Wilson now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Admission of Evidence*

[14] Although Wilson styles his first argument as a challenge to the sufficiency of the evidence supporting the revocation of his probation, his argument also contains a contention that the trial court abused its discretion when it admitted Cosby's December 19, 2018, hearsay statements to Officer Dawson. We begin by observing that it is well-established that "probation may be revoked on evidence of violation of a single condition." *Heaton v. State*, 984 N.E.2d 614, 618 (Ind. 2013). Wilson does not appeal the trial court's determination that he violated his probation by committing the new drug possession offenses on June 14, 2019. Therefore, we would affirm the trial court's revocation of Wilson's probation even if the challenged evidence was improperly admitted. *See Menifee v. State*, 600 N.E.2d 967, 970 (Ind. Ct. App. 1992) (upholding trial court's revocation decision even where the State conceded that insufficient evidence was presented on some violations because other violations were adequately supported by the evidence).

[15] Regarding the merits of Wilson's argument, we conclude that the trial court did not abuse its discretion in admitting Cosby's statements to Officer Dawson. There is no right to probation, the trial court having discretion to grant it and to

revoke it if the conditions it placed on probation are violated. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). Because of this discretion, although the Due Process Clause applies to probation revocation proceedings, probationers do not receive the full panoply of protections that defendants receive at trial. *Id*. Indeed, the Indiana Rules of Evidence do not strictly apply to probation revocation hearings. *Cox v. State*, 706 N.E.2d 547, 550-51 (Ind. 1999). Courts may admit evidence during a probation revocation that would be inadmissible in a criminal trial, including hearsay, if the trial court determines that the hearsay is substantially trustworthy. *Reyes*, 868 N.E.2d at 440-41. We review a trial court's admission of evidence at a probation revocation hearing for an abuse of its discretion, which only occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Robinson v. State*, 955 N.E.2d 228, 231 (Ind. Ct. App. 2011).

[16] The trial court found the challenged hearsay to be admissible pursuant to the excited utterance exception to the hearsay rule which provides for the admission of "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *See* Ind. Evidence Rule 803(2). In order to meet the exception, three circumstances must be present: (1) a "startling event or condition" must have occurred; (2) the declarant must have made the statement "while under the stress of excitement caused by the event or condition," and (3) the statement must be related to the event or condition." *Ramsey v. State*, 122 N.E.3d 1023, 1032 (Ind. Ct. App. 2019), *trans. denied*. The test is not mechanical, and admissibility turns "on

whether the statement was inherently reliable because the witness was under the stress of the event and unlikely to make deliberate falsifications." *Id*.

[17] Here, Officer Kopp encountered Cosby minutes after receiving the 9-1-1 dispatch. While Cosby reported that Wilson had battered and strangled her, she was visibly upset, breathing heavily, and appeared to have been crying. Cosby had visible wounds around her neck and exhibited the indicia of having been strangled. This was sufficient evidence to show that (1) Cosby had been battered and strangled, a startling event; (2) Cosby was still under the stress of that startling event when she made her report to Officer Kopp; and (3) that her report related to being battered and strangled. *See id*. (holding that victim's report to officer was admissible as an excited utterance where victim appeared to have been through a traumatic ordeal, was upset and "visibly shaken," and had severe injuries). As such, the challenged hearsay testimony was substantially trustworthy and admissible at Wilson's probation revocation hearing.

[18] Nevertheless, Wilson argues that Cosby's hearsay statements were not substantially trustworthy because, during the previous domestic battery incident on October 26, 2018, Cosby recanted her report that Wilson had battered her. However, the challenged evidence pertained to an entirely different incident on a different date, and Cosby never retracted her report that Wilson had battered and strangled her on December 19, 2018. It was within the discretion of the trial court to find Cosby to be incredible on October 26, 2018, but credible as to

an entirely separate incident on December 19, 2018. Accordingly, we find no error in the trial court's admission of Cosby's hearsay statements.

## II. *Sufficiency of the Evidence*

[19] Wilson challenges the sufficiency of the evidence supporting the trial court's determination that he committed the new offense of domestic battery on December 19, 2018. A probation violation hearing is a civil proceeding, and the State must prove the alleged probation violation by a preponderance of the evidence. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Our standard of review of the sufficiency of the evidence supporting the revocation of probation is similar to our standard of review for other matters: "[W]e consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if 'there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation.'" *Id*. (quoting *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995)).

[20] The State alleged that Wilson violated his probation by committing domestic battery on December 19, 2018. The offense of domestic battery occurs when a person knowingly or intentionally touches a family or household member in a rude, insolent, or angry manner. I.C. § 35-42-2-1.3(a)(1). The evidence showed that Cosby, with whom Wilson had a child, reported on December 19, 2018, that Wilson had battered her, and she had visible injuries on her face. This evidence proved by a preponderance of the evidence that Wilson had battered Cosby. *See Steele v. State*, 42 N.E.3d 138, 144 (Ind. Ct. App. 2015) (upholding

Steele's conviction for Class D felony domestic battery where victim suffered an injury to her eye and had reported during treatment that Steele caused the injury).

[21] Wilson argues that the evidence was insufficient because Cosby was not a credible witness. Relying on the fact that Cosby had recanted her report of the October 26, 2018, domestic battery, Wilson contends that the evidence is insufficient because the trial court did not explain "how a person who admitted fabricating her earlier allegation to the officer who responded to the first claim of domestic battery was found credible with respect to the second claim." (Appellant's Br. p. 9). However, the trial court specifically noted when it struck Cosby's October 26, 2018, statements that it was doing so because she recanted them. Cosby never recanted her December 19, 2018, statements to Officer Dawson, and it was within the discretion of the trial court to believe that testimony. Wilson essentially requests that we reassess Cosby's credibility on appeal, which is contrary to our standard of review. *See Murdock*, 10 N.E.3d at 1267. In addition, Wilson does not contest that he committed the June 13, 2019, drug offenses, so we would affirm the trial court's revocation determination even if we found the evidence of the December 19, 2018, domestic battery to be lacking. *See Menifee*, 600 N.E.2d at 970.

### III. *Sanction*

[22] Wilson argues that the trial court abused its discretion when it ordered him to execute six years of his previously-suspended sentence. It is well-settled that probation is a matter of grace which is left to the trial court's discretion. *Heaton*,

984 N.E.2d at 616. If a trial court revokes probation, it may continue the person on probation, extend the probationary period for not more than one year, or order the execution of all or part of the previously-suspended sentence. I.C. § 35-38-2-3(h). The trial court has considerable leeway in deciding how to proceed in probation matters. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). If this were not so, trial court judges would be less inclined to order probation for defendants. *Id.* In light of this considerable leeway, "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id.* An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[23] Here, the trial court found that imposition of six years of Wilson's previously-suspended sentence was merited because Wilson began committing new crimes less than three months after beginning his probation, he continued to abuse drugs and tested positive for illegal substances eleven days after being on conditional release, and he attempted to subvert justice by pressuring Cosby not to testify at his revocation hearing. In addition, as he acknowledges on appeal, Wilson has a poor history of probation compliance. The pre-sentence investigation report filed in the underlying armed robbery case revealed that, as a juvenile, Wilson was found to have violated his probation on nine occasions. As an adult, Wilson had his probation, work release, and other community corrections placements revoked on six occasions. Wilson was also plainly and repeatedly violating the no-contact order in place for Cosby, who was pregnant

with his child by the time of the revocation hearing. None of these circumstances reflect well on Wilson's character. It was within the trial court's considerable discretion to conclude that Wilson did not merit any additional conditional freedom and that he should execute most his previously-suspended sentence.

[24] Wilson contends that "[d]rug court would give the defendant a final opportunity to reform and spare the public the cost of incarceration." (Appellant's Br. p. 13). We observe that Wilson did not specifically request this sanction at his revocation hearing. Rather, Wilson argued that he should be placed in "community corrections, could be in COS, um [sic] some form of probation." (Tr. Vol. II, p. 75). A trial court cannot be said to have abused its discretion in declining to impose a sanction that was not requested. In addition, there is no evidence in the record that Wilson qualified for the sanction he now seeks. Be that as it may, Wilson had been terminated from substance abuse treatment when he was incarcerated for the underlying offense, and the trial court was under no obligation to credit his late-breaking enrollment in treatment prior to the revocation hearing. Finding no abuse of discretion, we affirm the trial court's sanction.

## CONCLUSION

[25] Based on the foregoing, we conclude that the trial court did not abuse its discretion when it admitted Cosby's hearsay statements, sufficient evidence supported its revocation determination, and that its imposition of six years of Wilson's previously-suspended sentence was within its discretion.

Affirmed.

Baker, J. and Brown, J. concur